UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RICO RAYSHON RAINEY                                                                    Plaintiff

v.                                                                  Civil Action No. 3:21-cv-P176-RGJ

COMMONWEALTH KRISTY GRAY                             Defendant

\* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Rico Rayshon Rainey filed the instant *pro se* action proceeding *in forma pauperis*. The complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action for the reasons stated herein.

Plaintiff filed three filings containing exhibits in support of his complaint (DNs 8, 9, and 10). The Clerk is **DIRECTED** that the exhibits docketed at DN 10 shall remain filed **under seal**.

**I.**

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections, sues Kristy Gray, who he identifies as a prosecutor for the Commonwealth of Kentucky.

Plaintiff states that he was indicted in 2018 on three charges but that "now I have a list of charges." He reports that one charge was dropped but that "both charges are pick [] back up through Commonwealth prosecutor Kristy Gray." He alleges that this violates the Fifth Amendment's Double Jeopardy Clause. He states, "Also there are now extra rape charges just appearing with no bill of particular – nothing stated. . . . This is abuse of decrection. Kristy Gray is trying everything in her will power through Court to keep me locked up."

Plaintiff further asserts, "I been in jail 32 months waiting on a lab result 9-5-2018. Also Kristy is not sending legal claim for me to have or work on." He lists two criminal case numbers

and says that they "are label conferdential from me, that's a violation of my 4-5-6 amendment." He states that he is "in a overcrowded dorm and people sick from COVID-19." He alleges, "Kristy convince my lawyer to take me trail without enough evidence. Their waiting on a rape shield law to protect a person 5 29.20 a prostitute engaging in drug for sex but yet the prosecutor convince my lawyer to over look it because she use the word rape." He further states that Defendant Gray convinced Judge Angele Bisig and his former lawyer "to not go over my case like confodential from me." Plaintiff states, "I know their is a violation on my 6 amendment about counsel but Kristy Gray I not sure how to bring out her abuse of descrition abuse of power."

As relief, Plaintiff seeks release, a suppression hearing, and to have evidence excluded.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal

conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).

Therefore, Plaintiff's claims are barred by prosecutorial immunity and must be dismissed for failure to state a claim upon which relief may granted. The Court will dismiss the action by separate Order.

Date: July 30, 2021

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
A961.010